On the trial below the defendant offered evidence to prove that he and Cox, after the writ issued and before the return term thereof, entered into an agreement that the defendant should deliver to Cox staves at $30 per thousand, and that Cox should receive them at that price in part payment of the bond on which this suit was brought. This evidence was objected to, but received by the court, and the defendant then proved that under this agreement he had delivered to Cox some thousand staves. The court, among other things, instructed the jury that Clark, the legal plaintiff, by indorsing on his writ at the time he issued it that the action was brought to the use of Cox, thereby created the said Cox as his agent to collect and receive the amount of that debt, and gave notice of such agency to the world; that consequently Clark was bound by the (462) act of his said agent within the authority given him; and as the authority was to receive to his own use, and not merely to collect as an ordinary collector, the agent might receive anything in discharge of the debt he thought proper.
The jury found a verdict for the plaintiff, after deducting all payments, of $366.69; and from the judgment rendered plaintiff appealed to this Court.
The cause originally commenced in the county court, and there, as appeared from the record sent up, defendant confessed judgment for $523.72, with $275.84 interest thereon.
A new trial was moved for by the plaintiff and refused, whereupon he appealed to this Court from the judgment rendered below.
Laying out of the case the facts contained in the judge's charge, it is difficult to perceive what the agency and equity of Cox were. It seems that his name was somewhere inserted in the record, but for *Page 260 
what purpose does not appear. But from the facts set forth in the judge's charge, the agency conferred upon Cox and his equity under it are obvious. It is unnecessary to repeat them. I altogether approve of the charge of the judge upon them, for the reasons by him given, which I also think it unnecessary to repeat. I think the rule for a new trial should be discharged. And in this opinion the other judges concurred.
PER CURIAM. No error.
Cited: Briley v. Sugg, 21 N.C. 367.
(463)